IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIBRAIL MALIK MUHAMMAD,    ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-130-KD-M |
| ) | |
| JOHN W. WILLIAMS, ) | |
|    Defendant. ) | |

**ORDER**

    This matter is before the Court on Plaintiff Jibrail Malik Muhammad's motion for leave to proceed *in forma pauperis* and for appointment of counsel.[1]  (Doc. 2).  Plaintiff's motion is **GRANTED in part** and **DENIED in part**.  Specifically, upon review of the financial information provided by Plaintiff, the Court finds that Plaintiff is indigent and may therefore proceed *in forma pauperis*.  However, recognizing both that a civil plaintiff has no constitutional right to counsel and that the Eleventh Circuit has held that courts should appoint counsel only in "exceptional circumstances, such as where facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," see Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992), Plaintiff's request for counsel is **DENIED**.

    Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's complaint and dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (2006); see also

---

[1] Plaintiff initially filed his *pro se* "Petition for Remedies" in the Northern District of Alabama. (Doc. 1). On February 10, 2012, the Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama transferred the case to the Southern District of Alabama along with 44 other apparently related actions that Plaintiff contemporaneously commenced in the Northern District. (Doc. 3). On March 7, 2012, the Clerk of Court assigned each of Plaintiff's 45 cases to the undersigned.

Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001) (dismissal under § 1915(e) is mandatory). In order to state a claim upon which relief can be granted, a complaint must set forth "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

Because Plaintiff's complaint nowhere mentions the defendant named in this action, the Court cannot reasonably infer that he is liable for any of the misconduct Plaintiff alleges. Accordingly, the complaint fails to state a claim upon which relief can be granted, and it is **ORDERED** that, prior to service of process, this action be **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to send a copy of this order to Plaintiff by U.S. Mail.

**DONE** and **ORDERED** this the **13th** day of **March 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**